UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>T. SCHMIDT, et al.,<br><br>    Defendants. | No. 2:22-cv-01109 DB P<br><br>ORDER |

Plaintiff, a state prisoner, filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff alleges an unconstitutional use of force by prison officials at California State Prison in Sacramento, California. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants have filed an unopposed motion to stay this case pending resolution of plaintiff's parallel criminal case. (ECF No. 18.) For the reasons set forth below, the motion is denied without prejudice.

**I.    Procedural Background and Motion to Stay**

Plaintiff alleges he was assaulted on March 24, 2020, during an emergency cell extraction. (ECF No. 1.) Officer T. Schmidt, E. Thompson, and G. Meyers allegedly used their batons to hit plaintiff on the back of his head and face while plaintiff was handcuffed and face down on the bed. (Id.) Sgt. Partham allegedly stood by and allowed the assault to happen. (Id.)

1

Defendants have not yet answered the complaint. On August 16, 2023, defendants filed the present motion seeking to stay this case during the pendency of plaintiff's associated criminal case. (ECF No. 18.) In the alternative, defendants requested an extension of time to file a response to the complaint.[1] (Id.) After plaintiff was ordered to file an opposition or statement of non-opposition to the motion, plaintiff filed a statement of non-opposition. (ECF No. 22.) Plaintiff's statement of non-opposition states, specifically, that he does not oppose the request for extension of time. (Id.)

Defendants seek to stay this proceeding pending plaintiff's criminal prosecution for three felony counts related to the incident that occurred on March 24, 2020. Plaintiff is charged with these and other offenses in case number 21FE015762 in the Sacramento County Superior Court. When defendants filed the motion to stay, plaintiff's criminal case was set for entry of plea on October 13, 2023. That date has since been continued to January 19, 2024.[2] Defendants argue a stay is appropriate based on overlap between the civil action and the pending criminal proceedings.

## II. Legal Standard

"In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable[.]" Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (alterations in original). "Nevertheless, a court may decide in its discretion to stay civil proceedings ... when the interests of justice seem [ ] to require such action." Id. (alterations in original) (citations and internal quotation marks omitted).

The decision whether to stay a civil proceeding in the face of a parallel criminal proceeding is made according to the particular circumstances of the case and considers the

---

[1] Defendants' alternate request for an extension of time was granted, extending time to November 14, 2023, for defendants to respond to the complaint.

[2] The court takes judicial notice of public records related to Sacramento County case number 21FE015762. See Rule 201, Fed. R. Evid.; United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) (a court may take judicial notice of undisputed matters of public record, which may include court records).

1  competing interests involved in the case. Keating, 45 F.3d at 324-25. Relevant considerations
2  generally include the extent to which the criminal defendant's Fifth Amendment rights are
3  implicated, and five further factors ("further Keating factors"): "(1) the interest of the plaintiffs in
4  proceeding expeditiously with this litigation or any particular aspect of it, and the potential
5  prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings
6  may impose on defendants; (3) the convenience of the court in the management of its cases, and
7  the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation;
8  and (5) the interest of the public in the pending civil and criminal litigation." Id. (citations and
9  internal quotation marks omitted).

10  **III.  Discussion**

11  Given the factual overlap between the criminal case and the civil case, plaintiff's Fifth
12  Amendment rights are implicated because any discovery or testimony provided in this case could
13  potentially be used against him in the criminal case. See ESG Capital Partners LP v. Statos, 22
14  F.Supp.3d 1042, 1046 (C.D. Cal. 2014) (Fifth Amendment is implicated when parallel
15  proceedings are "based on the same set of facts"). If plaintiff, as a civil litigant, asserts his Fifth
16  Amendment right, then "an adverse inference can be drawn against him." Id. (citing Doe ex rel.
17  Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1264 (9th Cir. 2000)). On the other hand, "if [plaintiff]
18  cooperates with discovery in the civil case or gives incriminating testimony, it can be used against
19  him in the criminal trial." ESG Capital Partners LP, 22 F.Supp.3d at 1046.

20  Defendants intend to depose plaintiff and ask questions related to the incident. (ECF No.
21  18 at 5.) Because plaintiff is being criminally prosecuted for his actions related to the incident,
22  defendants argue, plaintiff may invoke his right against self-incrimination to avoid answering
23  those questions. (See id.)

24  Although the implication of Fifth Amendment rights is a significant factor to consider,
25  "[a] [criminal] defendant has no absolute right not to be forced to choose between testifying in a
26  civil matter and asserting his Fifth Amendment privilege[.]" Keating, 45 F.3d at 325-26.  Thus,
27  implication of Fifth Amendment rights does not compel a stay of a civil case pending the
28  outcome of a related criminal case. ESG Cap. Partners LP, 22 F. Supp. 3d at 1046 (citing Keating,

1  45 F.3d at 326.) Moreover, here, although plaintiff has not opposed the defendants' request for a
2  stay, plaintiff does not himself seek the stay for the purpose of protecting his Fifth Amendment
3  rights. Under the present circumstances, this factor weighs only slightly in favor of a stay.

4  Three of the further Keating factors are neutral in this case. First, although plaintiff has an
5  interest in the expeditious resolution of this action, there is no indication he would suffer undue
6  prejudice from a stay. Under the second further Keating factor, defendants do not identify any
7  specific burden imposed on them in litigating the civil case without a stay. Skipping ahead to the
8  fourth further Keating factor, third party interests do not appear to be implicated. See, e.g., ESG
9  Capital, 22 F. Supp.3d at 1047 (finding this factor neutral when no party identifies a third-party
10 interest).

11 The court finds the third further Keating factor, making efficient use of judicial resources,
12 weighs against a stay under the present circumstances. This factor does not favor granting a stay
13 because "the court has an interest in clearing its docket." Fed. Saving & Loan Ins. Corp. v.
14 Molinaro, 889 F.2d 899, 902 (9th Cir. 1989) ("Molinaro").

15 The public interest in law enforcement and in prosecution of criminal cases, generally,
16 carries weight under the fifth further Keating factor. See, e.g., Twenty First Century Corp. v.
17 LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). Defendants argue a stay should be granted
18 because the public's interest in the integrity of the criminal prosecution takes precedence over a
19 civil litigant. (ECF No. 19 at 5-6.) However, defendants do not identify any way in which
20 proceeding with the civil case will affect the integrity of the criminal prosecution in this instance.
21 Thus, "the public's best interest [is] to avoid undue delay and move forward with this case."
22 Madrid v. De La Cruz, No. 1:18-cv-0947-DAD-EPG-PC, 2019 WL 2994301, at *3 (E.D. Cal.
23 July 9, 2019).

24 Parallel civil and criminal proceedings could potentially lead to preclusion issues
25 depending on which case resolves first, and how it is resolved. "But if that were enough to
26 support a stay, stays would be the rule rather than the exception." Hatcher v. Junes, No. 2:19-cv-
27 0793 AC P, 2021 WL 4305945, at *5 (E.D. Cal. Sept. 22, 2021). The general rule is that civil
28 ////

4

proceedings may be conducted at the same time as related criminal proceedings. Keating, 45 F.3d at 324.

While district courts may sometimes grant a discretionary stay under similar circumstances, the Ninth Circuit cases cited by defendants do not support a stay. In Keating, 45 F.3d 322, the denial of a stay of a civil enforcement action pending criminal proceedings was affirmed when sought by a defendant facing simultaneous criminal prosecution and a civil enforcement action. Id. at 328. In Molinaro, 889 F.2d 899, the Ninth Circuit similarly affirmed the denial of a stay requested by a person subjected to simultaneous criminal and civil proceedings arising from the same alleged misconduct. Id. at 902; see also Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003) ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter."). On the present record, considering the potential impact on plaintiff's Fifth Amendment rights along with the other Keating factors, defendants have not carried the burden to show that the interests of justice require this action to be stayed.

**IV.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to stay (ECF No. 18) is DENIED without prejudice to any party seeking a temporary discretionary stay based on changed or additional circumstances.

2. Sua sponte, the court grants defendants a further extension of time to file a response to the complaint; defendants shall file a response to the complaint within 21 days of the date of this order.

Dated: November 3, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
vale1109.stay.den