UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA, | No. 2:22-cv-01109 DB P |
| Plaintiff, | |
| v. | ORDER |
| T. SCHMIDT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff alleges an unconstitutionally excessive use of force by prison officials at California State Prison in Sacramento, California. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants have filed an unopposed motion to stay the proceedings in this case. (ECF No. 26.) In the alternative, defendants request an extension of time to conduct discovery. (Id.) For the reasons set forth below, the motion to stay is granted.

**I.      Procedural Background and Motion to Stay**

In the complaint filed on June 27, 2022, plaintiff alleges he was assaulted on March 24, 2020, during an emergency cell extraction. (ECF No. 1.) Officer T. Schmidt, E. Thompson, and G. Meyers used their batons to hit plaintiff on the back of his head and face while he was

1

1    handcuffed and face down on the bed. (Id.) Sgt. Partham stood by and allowed the assault to
2    happen. (Id.)
3           Plaintiff is being prosecuted for criminal offenses related to the incident that occurred on
4    March 24, 2020. The court takes judicial notice of the existence of plaintiff's criminal case,
5    number 21FE015762, pending in the Sacramento County Superior Court. See Rule 201, Fed. R.
6    Evid.; United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) (a court may take
7    judicial notice of undisputed matters of public record, which may include court records).
8           On August 16, 2023, defendants moved to stay this case pending resolution of
9    plaintiff's criminal case. (ECF No. 18.) Plaintiff did not oppose the motion. On November 3,
10   2023, the court denied the first motion to stay without prejudice to renewal. (ECF No. 23.)
11          Defendants answered the complaint on November 21, 2023. (ECF No. 24.)  On December
12   5, 2023, the court issued a discovery and scheduling order setting the discovery cut-off date for
13   April 8, 2024, and setting a deadline of June 28, 2024, for filing all other pretrial motions. (ECF
14   No. 25 at 5-6.)
15          On March 22, 2024, defendants attempted to take plaintiff's deposition. (See ECF No. 26
16   at ¶ 6.) Plaintiff invoked his Fifth Amendment right against self-incrimination. The defendants
17   subsequently suspended the deposition. (Id.)
18          On April 12, 2024, plaintiff entered a plea of not guilty in criminal case number
19   21FE015762. Plaintiff's criminal case is currently set for a preliminary hearing to take place on
20   June 21, 2024.
21          In the motion presently before the court, defendants seek to stay this case pending
22   resolution of plaintiff's criminal trial. If the court denies the stay, then defendants alternately
23   request an extension of time to conduct discovery and to bring any discovery related motions.
24          **II.     Legal Standard**
25           In the absence of substantial prejudice to the rights of the parties involved, simultaneous
26   parallel civil and criminal proceedings are unobjectionable. Keating v. Office of Thrift
27   Supervision, 45 F.3d 322, 324 (9th Cir. 1995). "Nevertheless, a court may decide in its discretion
28   ////

to stay civil proceedings ... when the interests of justice seem [ ] to require such action." Id. (alterations in original) (citations and internal quotation marks omitted).

The decision whether to stay a civil proceeding in the face of a parallel criminal proceeding is made according to the particular circumstances of the case and considers the competing interests involved in the case. Keating, 45 F.3d at 324-25. Relevant considerations may include the extent to which the criminal defendant's Fifth Amendment rights are implicated, and five further factors ("further Keating factors"): "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Id. (citations and internal quotation marks omitted).

### III. Discussion

Given the factual overlap between the criminal case and the civil case, plaintiff's Fifth Amendment rights are implicated because any discovery or testimony provided in this case could potentially be used against plaintiff in the criminal case. See ESG Capital Partners LP v. Statos, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014) (Fifth Amendment is implicated when parallel proceedings are "based on the same set of facts"). When defendants deposed plaintiff and asked questions related to the incident, plaintiff invoked his right against self-incrimination to avoid answering those questions. In addition, plaintiff has informed defendants' counsel he will continue to assert his Fifth Amendment right if deposed again before the conclusion of his criminal prosecution. (See ECF No. 26 at ¶ 6.)

"A [criminal] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege[.]" Keating, 45 F.3d at 325-26.  Thus, the implication of Fifth Amendment rights does not compel a stay of a civil case pending the outcome of a related criminal case. ESG Cap. Partners LP, 22 F. Supp. 3d at 1046 (citing Keating, 45 F.3d at 326.) Nevertheless, the fact that plaintiff's Fifth Amendment rights are

implicated weighs in favor of a stay. In addition, the potential burden on defendants and efficient use of judicial resources both weigh in favor of a stay at this time. It appears defendants may be hampered from obtaining meaningful discovery so long as plaintiff's criminal case remains pending. Staying the case also promotes judicial economy by mitigating the potential for burdensome motion practice on discovery matters.

Plaintiff does not oppose the motion to stay, and there is no indication plaintiff would suffer undue prejudice from a stay. No third-party interests appear to be implicated. Considering the potential impact on plaintiff's Fifth Amendment rights along with the further <u>Keating</u> factors, the interests of justice require this action to be stayed at this time.

### IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to stay (ECF No. 26) is GRANTED.

2. The instant action is STAYED pending resolution of plaintiff's criminal case.

3. Defendants SHALL file a status report within ninety (90) days from the date of service of this order, and every ninety (90) days thereafter, addressing the status of the criminal proceedings until those proceedings are resolved.

Dated:  April 23, 2024

DLB7
vale1109.stay.g

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4